**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

RICHARD WILLARD
3014 Courthouse Drive
Ellicott City, MD 21043

*Plaintiff*

v.

BALTIMORE CITY POLICE DEPT.
242 W. 29th Street
Baltimore MD 21211

*and*

FREDERICK H.BEALEFELD, III,
242 W. 29th Street
Baltimore MD 21211

*and*

THE HON. STEPHANIE RAWLINGS-BLAKE, THE MAYOR OF BALTIMORE
City Hall, Room 250
100 N. Holliday Street
Baltimore, MD 21202

*Defendants*

Civil Action No. 1:12-cv-444
Judge ____________

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Richard Willard (hereinafter, the "Plaintiff" or "Willard"), by and through undersigned counsel, and pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57, for his Complaint against Defendants Baltimore City Police Department

(hereinafter "BCPD"), Frederick H. Bealefeld, III (hereinafter, "Bealefeld"), and Defendant Stephanie Rawlings-Blake, in her official capacity as Mayor of the City of Baltimore (hereinafter, "Mayor") (the Defendants collectively referred to hereinafter as the "Defendants"), seeking declaratory relief, hereby alleges as follows:

**NATURE OF THE CASE**

1. This action is an action for declaratory relief, seeking resolution of employment matters related to the employment of the Plaintiff as a police sergeant with the BCPD, and various claims arising thereof.

**PARTIES**

2. Plaintiff is a sergeant with the BCPD, and a resident of Howard County in Maryland.

3. Defendant BCPD is the authorized law enforcement department in the City of Baltimore.

4. Defendant Bealefeld is the Commissioner of the BCPD, and, on information and belief, is a resident of Baltimore, Maryland.

5. Defendant the Hon. Stephanie Rawlings-Blake Dixon is the Mayor of the City of Baltimore.

**JURISDICTION AND VENUE**

6. Plaintiff brings this action against Defendants in District Circuit for the District of Maryland pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. 2000 *et seq.*, and 28 U.S.C. §§ 1331 and 1367.

7. Venue is proper in this Court because all the Defendants are located in the District in which this Court is located, and or all or a substantial part of the events, acts or omissions

giving rise to Plaintiff's cause of action and claims for relief against the Defendants occurred in this District.

## GENERAL ALLEGATIONS

8. Plaintiff has been employed since 1992 as an officer of BCPD, and is currently employed as a sergeant, although not serving on active duty.

9. Plaintiff has served honorably, with numerous citations and medals for bravery or dedication to service, and with a disciplinary record clear of any major incidents.

10. In February of 2005, the Plaintiff, while on active duty as a sergeant, shot and killed a young man who was actively engaged in an armed attack against several members of the BCPD, saving the lives of his colleagues and himself.

11. However, the Plaintiff nevertheless felt regret for killing the young man, despite the justified and even necessary nature of his actions, and felt the need for counseling after the incident.

12. Defendant BCPD did not, however, provide counseling to the Plaintiff, who began experiencing post-traumatic stress after this incident.

13. In 2009, Plaintiff requested medical leave from duty, as he did not feel that he could perform his duties of a police officer under the post-traumatic stress he was experiencing, which, because it was untreated, was now in fact post-traumatic stress disorder ("PTSD").

14. This PTSD, which the Plaintiff has been diagnosed with by medical professional(s), has manifested itself to the Plaintiff in nightmares, difficulty making decisions, and in issues with his personal relationships, in addition to inability to handle firearms and other issues impacting his ability to perform his duties as a police officer.

15. On information and belief, it is the standard practice of the BCPD to give a letter to any officer on medical leave after one year of administrative/medical leave demanding that the officer either return to duty or retire from his or her position with the BCPD.

16. On or about December 17th, 2010, Sergeant Willard requested disability retirement from the BCPD, through its Human Resources Division, Medical Division.

17. That request was denied.

18. Around this same time, Sergeant Willard was formally declared disabled in regard to his ability to function as an active duty police officer.

19. On or about July of 2011, Sergeant Willard again requested, per Sergeant Woods of the Medical Division, that BCPD consider him for medical disability.

20. No action was taken following this request.

21. The Disability Board requested that Sergeant Willard provide the notice letter from the BCPD as part of its process in determining whether the Plaintiff was entitled to disability retirement.

22. Sergeant Willard therefore requested that the BCPD provide such a letter, per Sergeant Michael Woods.

23. Sergeant Woods did not provide such a notice, nor did the BCPD.

24. In fact, Defendant Bealefeld told the Plaintiff, shortly after his request, that he would personally make sure that the Plaintiff was terminated from his position, rather than receive disability retirement.

25. In part because of the absence of such a notice letter, the Disability board ruled that Sergeant Willard was not yet eligible for disability retirement.

26. Even without disability retirement, Sergeant Willard would be eligible for retirement based on years of service on or about June of 2012.

27. Shortly thereafter requesting a formal notice from BCPD for his disability retirement request from BCPD, officers from Internal Affairs of BCPD began investigating Sergeant Willard.

28. The BCPD has subsequently initiated termination proceedings against Sergeant Willard, a hearing for which is scheduled for February 22nd, 2012 (the "Termination").

29. The acts of the BCPD are directed by Defendant Bealefeld and Defendant the Hon. Rawlings-Blake.

30. The alleged acts or omissions for which the BCPD has alleged for-cause termination are acts or omissions for which other similarly situated officers have not been terminated, and furthermore are not recent events justifying current action.

31. On February 10th, 2012, Plaintiff filed a charge document with the Equal Employment Opportunity Commission ("EEOC"), Baltimore Field Office, alleging, in part, that the BCPD discriminated against him on the basis of disability and age, and that it had retaliated against him related to his request for accommodation, all in violation of Title VII of the Civil Rights Act of 1964 and related law.

32. On information and belief, the EEOC investigation of such a charge can take months, even under an expedited basis.

33. Should the Defendants terminate the Plaintiff in a discriminatory and or retaliatory manner, the Plaintiff will lose potentially decades of income, as well as medical benefits that he needs to care for himself and his children.

WHEREFORE, the Plaintiff demands:

1. That this Court determine, as a matter of law, that a *prima facie* case of employment discrimination and or retaliation exists in this case; and

2. That this Court determine that the Defendants be enjoined from continuing with the Termination pending investigation of the Plaintiff's claims with the EEOC; and

3. That this Court find and declare that Plaintiff is entitled to attorney's fees and reasonable costs for the bringing of this suit, pursuant to Title VII of the Civil Rights Act of 1964; and

4. That this Court hear this matter on an expedited basis, due to the Defendants' conduct related to the Termination.

DATED: February 13th, 2012

Respectfully submitted,

__/signed/__________________

Joshua G. Whitaker
Edward N. Griffin
Adelphi, LLC
1936 Eastern Avenue
Baltimore MD 21231
Tel./Fax 888-367-0383
whitaker@adelphilaw.com

*Counsel for Plaintiff Richard Willard*